UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 NOV 30 P 2:43

Harold Anderson,  ) C/A No.: 2:10-2697-TLW-RSC
                  )
       Plaintiff, )
                  )
vs.               )
                  ) Report and Recommendation
Miss Dianne D. Cagle; Miss Dianna Lewis; )
Mr. Scotty Bodiford; Mr. James Dorreity; )
Mr. Sgt. McCombs; Mr. James E. Hudson,   )
                  )
       Defendants.)

## Background

Plaintiff, a pre-trial detainee proceeding *pro se*, files this matter pursuant to 42 U.S.C. §1983. A review of the complaint reveals that Plaintiff is challenging prior arrests, convictions and sentences. Much of the complaint is indecipherable - a confusing array of documents - however, some things are evident. For example, Plaintiff lists thirteen (13) arrest dates for disorderly conduct starting in 1995 and ending in 2010. Complaint at 57-59.

Additionally, Plaintiff claims that Defendants Bodiford, Dorreity, and Lewis "lacked subject matter jurisdiction" to hold him on two warrant numbers, G8038-44 and G8038-31, and he makes reference to a State Court of General Sessions docket number: 2004-GS-23-0698B. A review of Plaintiff's prior cases filed in this Court reveals that he pled guilty in state court to drug

distribution charges on October 4, 2004.[1] Plaintiff was sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

Plaintiff also raises claims pertaining to an October 2009 arrest (warrant # M475329). During this particular stay at the Greenville County Detention Center (GCDC), plaintiff states that defendant McCombs placed him on lock-up prior to "booking" him. Plaintiff also references an arrest in August 2010 (warrant # 6739-2-EU), and claims defendant Cagle "made him" appear for a bond hearing "before his arrest." He was released on September 1, 2010. The Complaint also briefly references an October 2008 arrest (warrant #79838), a July 2009 arrest (no warrant number provided), and the May 2005 probation violation mentioned above.

Plaintiff states that he is subject to excessive bail, has been denied the right to have his claims sent to a grand jury, and has been defamed. In the above captioned matter, he has named two

---

[1] The brief factual background of Plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from information in Plaintiff's filed case No. 9:08-742-TLW.

judges (Cagle and Hudson), the Director of the Greenville County Detention Center (GCDC) (Bodiford), two Correctional Officers at the GCDC (Lewis and McCombs), and the Assistant Director of the GCDC (Dorreity) as defendants. He seeks damages for emotional pain and suffering.

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.,* 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487

U.S. 42, 48 (1988).

The seventy-one (71) page document deemed a complaint in this case is a confusing conglomeration of narrative that provides very few factual allegations, and no allegations that may be construed as a claim. The complaint does not allege facts in a coherent progression that conveys information concerning how the Defendants have violated Plaintiff's Constitutional Rights. The Complaint alleges in part:

> "the defendants in the said matter acted outside the scope of their judicial jurisdiction and authority by making said decision to adversely affect plaintiff's rights in any action commenced before them making said decision the said name defendants exceeded the scope garnished by the color of law which does not afford them qualified judging or guaranteed immunity in this action before them."

Complaint at 6.

The Complaint also makes conclusory statements, such as:

> "[u]nder Rule 60B (SCRCuP) and Houston vs. Lack cite as ... and Rule 6 FRCuP and Carter vs. State 329 - SC-355 - 495-Se.2d 773 (1988) [u]nder subject matter jurisdiction Section 44 all persons born or naturalized in the United and subject to the jurisdiction there of are citizens of the United States and other state wherein they reside no state shall make are enforce any law which shall abridge the privileges or immunities of Citizens of the United States nor shall any state deprive any person of life liberty or property with out due process of law nor deny to any person with in its jurisdiction the equal protections of the laws..."

Complaint at 7.

Thus, the pleadings do not allege facts that convey how the Defendants have violated a constitutional right of Plaintiff.

Although the Court must liberally construe the *pro se*

complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

The United States Supreme Court discussed pleading requirements in *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley v. ,* \_U.S.\_, 127 S.Ct. 1955, 1974 (2007). Applying the foregoing, the pleadings in this matter fail to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, even if this Court could construe the pleadings to state a federal claim, insofar as any of Plaintiff's convictions and sentences, related state court proceedings, or arrests are concerned, the § 1983 complaint would be subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey, supra. See also Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights

action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); *Norris v. Super Cab Co.*, 1994 WL 665193 (N.D.Cal., November 15, 1994)(unpublished); and *Daniel v. Ruph*, 1994 WL 589352 (N.D.Cal., October 12, 1994).

In *Daniel v. Ruph, supra*, a district court applied the holding in *Heck v. Humphrey* to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

*Daniel v. Ruph, supra*, 1994 WL 589352 (footnote following quotation omitted). In an earlier case, *Norris v. Patsy*, 1994 WL 443456 (N.D.Cal., July 29, 1994) (unpublished), the court noted that, under *Heck v. Humphrey, supra*, "[a] judgment in favor of the

plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is *Hudson v. Chicago Police Department*, 860 F. Supp. 521 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under *Heck v. Humphrey*. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord Babcock v. Collord*, 1994 WL 374528 (complaints subject to dismissal under *Heck v. Humphrey* can be dismissed under 28 U.S.C. § 1915(d)).

Since Plaintiff has failed to establish that any of the criminal matters he challenges have been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued as to any arrest, conviction, or sentence, this action would need to be dismissed for failure to state a claim.

Furthermore, Defendants Cagle and Hudson have absolute judicial immunity from suit. Immunity presents a threshold question which should be resolved before discovery is even allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*,

472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983.

The pleadings state that Defendants Cagle and Hudson are judges and the factual allegations concerning these Defendants relate to judicial acts taken in the Plaintiff's pre-trial proceedings. Therefore, Defendants Cagle and Hudson have absolute immunity from suit in this § 1983 action.

Plaintiff's allegation that he was placed in "lock-up" is also without merit. Claims of a pretrial detainee in a state correctional facility are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Because a pretrial detainee may not be punished for his alleged crime prior to conviction, the conditions of confinement of a pretrial detainee are constitutional unless they constitute punishment. *See id.* at 535-37, 99 S.Ct. 1861. "Not every disability imposed during pretrial detention," however, "amounts to 'punishment' in the constitutional sense." *Id.* at 537, 99 S.Ct. 1861. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " *Id.* at 539, 99 S.Ct. 1861.

The Supreme Court has held that maintaining institutional security and effectively managing the facility are examples of valid governmental objectives that could justify the imposition of restrictions on pretrial detainees. *See id.* at 540, 99 S.Ct. 1861; *see also Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 318 (1st Cir.1995) ("On the authority of Bell, it may be divined that even if a restriction or condition may be viewed as having a punitive effect on the pretrial detainee, it is nonetheless constitutional if it also furthers some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation."). Further, the Supreme Court cautions the courts that the implementation of measures to maintain institutional security is "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 540 n. 23, 99 S.Ct. 1861.

Plaintiff states that he was placed in "lock-up" prior to booking. He provides little else to illuminate the Court, however, it seems reasonable to conclude that any time spent in confined quarters prior to processing Plaintiff at the jailhouse would not be construed as "excessive." Consequently, he fails to state a Constitutional violation.

As for Plaintiff's state law claims, federal courts may hear and decide state law claims in conjunction with federal law claims through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Even if the pleadings in this case were liberally construed to state a claim based on state law, such as defamation, the Court should decline to consider the state law claims alone. Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection 28 U.S.C. § 1367(c), if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the complaint fails to state a claim upon which relief may be granted under § 1983, this matter should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss

the complaint *without prejudice* and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B).

Robert S. Carr
United States Magistrate Judge

Date 11/30/10
Charleston, South Carolina

### The plaintiff's attention is directed to the notice on the following page.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).